I respectfully dissent with the decision of the majority since I am of the opinion that appellant's second assignment of error has merit. This assignment of error essentially avers that the trial court committed reversible error in denying appellant's motion for sanctions and her motion in limine relative to the testimony of Mr. James M. Rosa.
It is obvious from the record that the testimony of Mr. Rosa was pivotal as evidenced by the efforts of appellant to exclude him as a witness for the defense and by the following comments set forth in appellee's memorandum in support of his motion to continue the trial date filed on October 17, 1996:
 "Probably the key issue in this case insofar as damages are concerned, is the valuation of the businesses that were marital assets of the Nuckols prior to their divorce. An evaluation of the businesses was done by Mr. James Rosa * * *.
* * *
 The defendant would not request this continuance if Mr. Rosa were not such a key witness and the issue on which he will testify such an important and vital part of the case."
The continuance sought was denied by the trial court. Since Mr. Rosa would be unavailable on the date set for the trial, namely, November 4, 1996, a deposition was scheduled for October 31, 1996. At said deposition, Mr. Rosa failed to bring his file, despite voluminous prior requests by appellant and the fact that "he had previously been ordered, and under subpoena to turn over the file that he formed his conclusions upon, and that he was working from." (Comments of the trial judge, Transcript of Proceedings, p. 418).
While my colleagues in the majority correctly point out the fact that the exclusion of evidence is a severe sanction that should only be utilized by a trial court in extreme circumstances, the inability to effectively cross-examine a key witness due to a failure to obey discovery orders is an extreme violation which in this instance negated the ability of the plaintiff to receive a fair trial.
The trial court admirably tried to cure the situation, but the sanctions it ordered could not effectively replace the fact that counsel for the plaintiff could not effectively cross-examine a key witness. Accordingly, I would reverse this matter and would remand it to the trial court for a new trial.
 ------------------------------ JOSEPH J. VUKOVICH, JUDGE